Filed 10/24/13  P. v. Saenz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073025 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036120) |
| v. | ORDER MODIFYING OPINION; DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |
| VINCENT ILARIO SAENZ, JR., | |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed in this case on September 26, 2013, be modified as follows:

On page 3, lines 8-9, delete all words after judgment and add a period after judgment such that the entire sentence reads:  However, as we explain, our review reveals the need to modify the judgment.

On page 3, beginning line 10, delete the fourth full paragraph, lines 10-16, in its entirety, including footnote 2.

On page 3, beginning line 17, delete the first word of the fifth full paragraph and capitalize the next word such that the paragraph begins:  As we explained *ante*,

1

On page 4, beginning line 11, delete the words correcting the designation of terms and, such that lines 11 to the end of the opinion read:  abstract of judgment reflecting this modification and to forward a certified copy of the new abstract to the Department of Corrections and Rehabilitation.

The petition for rehearing is denied.  This modification does not change the judgment.

FOR THE COURT:


BLEASE, Acting P.J.


DUARTE, J.


HOCH, J.

Filed 9/26/13 (unmodified version)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VINCENT ILARIO SAENZ, JR.,<br><br>    Defendant and Appellant. | C073025<br><br>(Super. Ct. No. CM036120) |

Appointed counsel for defendant Vincent Ilario Saenz, Jr., has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We shall modify the judgment.

**BACKGROUND**

In August 2011, eight-year-old D.S. informed his physician and a county social worker that defendant, his 17-year-old half brother, had sodomized him and had forced him to orally copulate defendant multiple times. D.S. reported that defendant had similar contacts with D.S.'s 11-year-old brother, E.S. E.S. confirmed to investigators that the sexual contacts had occurred.

1

In February 2012, defendant was found unfit for juvenile court.

He pleaded no contest to two counts of forcible lewd acts with a child under age 14 (Pen. Code,[1] § 288, subd. (b)(1)) and the trial court sentenced him to prison for two consecutive terms of eight years each, awarded him 354 days of custody credit and 53 days of conduct credit, ordered victim restitution in amounts to be determined, and imposed a $7,680 restitution fine (§ 1202.4, subd. (b)), a $7,680 restitution fine suspended unless parole is revoked (§ 1202.45), a fine pursuant to section 290.3, subdivision (a) (section 290.3(a) fine) of $300 plus penalty assessments on count one, a section 290.3(a) fine of $500 plus penalty assessments on count two, an $80 court operations fee (§ 1465.8, subd. (a)(1)), and a $60 court facilities assessment (Gov. Code, § 70373).

The original abstract of judgment reflected a section 290.3(a) fine for count two in the amount of $500. To this amount were added penalty assessments including a DNA Identification Fund Assessment (DNA IFA) in the amount of $200. (Gov. Code, § 76104.7.) Appellate counsel later asked the trial court to lower that DNA IFA from $200 to $150. Counsel did not request any additional changes to the abstract. The trial court modified the DNA IFA from $200 to $150 as requested, but also purported to modify a second DNA IFA from $500 to $150, writing "The court modifies assessments per G.C. 76104.7 from $200 to $150 and from $500 to $150 as requested by the Third Court of Appeals [*sic*]."

The amended abstract of judgment reflects a lowered DNA IFA from $200 to $150 and a reduced section 290.3(a) fine of $150 (from $500) on count two.

---

[1] Further undesignated statutory references are to the Penal Code.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, as we explain, our review reveals the need to modify the judgment and correct the amended abstract.

Section 288, subdivision (b)(1), to which defendant pleaded, provides that a lewd act committed by force is punishable by imprisonment for five, eight, or 10 years. Although the trial court announced its intent to impose *upper* terms, it pronounced fully consecutive terms of eight years each--the *middle* terms.[2]  Because the trial court imposed lawful midterm sentences that remain unchallenged by the People, we direct the court to correct the amended abstract of judgment to designate the sentences of eight years each on counts one and two as middle terms rather than upper terms.

Further, as we explained *ante*, the trial court generated an amended abstract of judgment to address appellate counsel's request.  In its minutes, the court purported to modify a *second* DNA IFA from $500 to $150.  Our review of the record discloses no DNA IFA in the amount of $500 was ever imposed--on count one, the court imposed a

---

[2] Section 288 provides in *subdivision (a)* that a lewd act with a child under age 14 is punishable by imprisonment for three, six, or eight years.  The probation report recommended upper terms of imprisonment but, perhaps relying on subdivision (a), the report mistakenly described the upper term as eight years rather than 10.  The People compounded the error by arguing for "16 years in State Prison full strength consecutive to each count" and characterizing the request as the "upper term" and "maximum penalty available."  The trial court then sentenced to the "upper term of 8 years" on both counts.

DNA IFA of $80, and on count two, as we have explained, the DNA IFA was lowered from $200 to $150 in the amended abstract of judgment.

In an apparent attempt to comply with the trial court's order to lower a $500 "assessment" to $150, the amended abstract reflects a reduction in the section 290.3(a) fine from $500 to $150. The statute does not allow for such reduction absent proof of inability to pay. We must modify the judgment to reimpose the required $500 section 290.3(a) fine originally imposed on count two and amend the abstract accordingly.

### DISPOSITION

The judgment is modified to reinstate the $500 section 290.3 fine on count two. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and correcting the designation of terms and to forward a certified copy of the new abstract to the Department of Corrections and Rehabilitation.

                                                                    DUARTE                    , J.


We concur:


            BLEASE                    , Acting P. J.


            HOCH                    , J.


4